# Exhibit A-2

4/20/2020 7:53 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-002206
Ruben Tamez

CAUSE NO.: D-1-GN-20-002206 _____

| | | |
|---|---|---|
| DANIEL FREEMAN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 353RD ____ JUDICIAL DISTRICT |
| | § | |
| WYNDEN STARK, LLC | § | |
| d/b/a/ GQR GLOBAL MARKETS, | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

# PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff Daniel Freeman files this Original Petition and Jury Demand and for cause of action would show the court as follows:

### DISCOVERY CONTROL PLAN

1.      Mr. Freeman intends discovery to be conducted under the Level 3 discovery plan set forth in Texas Rule of Civil Procedure 190.4.

### SERVICE OF PROCESS

2.      Defendant Wynden Stark, LLC d/b/a GQR Global Markets (GQR) is a foreign corporation with its principal place of business in Dallas County, Texas. GQR may be served with process by serving its registered agent, National Registered Agents Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### BACKGROUND FACTS

3.      This is a case of retaliation by an employer against an employee for having to take time off to serve on a jury.

*Plaintiff's Original Petition and Jury Demand*                                                                 Page  1

4. Defendant GQR chose not to supervise its manager to prevent him from violating laws protecting those who serve as jurors. GQR retaliated against Mr. Freeman who was following the law and serving as a juror. GQR did not care enough about the law or a person serving as a juror.

5. GQR recruited Mr. Freeman as Executive Vice President to manage its Austin, Texas, operation finding and placing nurses with hospitals.

6. Previous to GQR, Mr. Freeman resided and had a previous position in North Carolina. The new position with GQR started on January 31, 2020.

7. On January 15, 2020, Mr. Freeman received a summons to appear in court in North Carolina on February 17, 2020, as a prospective juror.

8. On February 12, 2020, while Mr. Freeman was performing his work in Austin, GQR expressed concern for Mr. Freeman's jury service requirements and asked Mr. Freeman if he was able to get out of jury service. Mr. Freeman responded that he did not have grounds to avoid responding to the summons in North Carolina. GQR instructed Mr. Freeman to nevertheless return to work in Austin by February 24, 2020.

9. On February 20, 2020, GQR expressed continuing concern for Mr. Freeman's service as a juror and demanded proof of requirement of jury duty service. GQR informed Mr. Freeman that it expected him to work during the hours of the day that he was not on jury duty. Mr. Freeman agreed and complied.

10. GQR continued to express frustration at Mr. Freeman's jury duty service. On February 27, 2020, GQR informed Mr. Freeman that it no longer wanted him to perform work while on jury duty.

11. On February 28, 2020, GQR informed Mr. Freeman that it would no longer pay him while he was on jury duty. After GQR instructed Mr. Freeman to stop working, it began to ignore Mr. Freeman's communications.

12. On March 18, 2020, the court informed Mr. Freeman that the trial would be stayed pending resolution of the coronavirus pandemic. Mr. Freeman immediately informed GQR that he could return to work.

13. GQR ignored Mr. Freeman and terminated his employment on March 26, 2020.

14. GQR stated that Mr. Freeman's termination had nothing to do with his performance, that he was being laid off because of a downturn in work related to COVID-19.

15. GQR's reason given for Mr. Freeman's termination is not believable because Mr. Freeman's job was to find nurses and place them in employment at hospitals, a need that increased dramatically during the COVID-19 crisis. Additionally, the timeline of events shows GQR's frustration at jury service and motivation to intimidate and terminate before the crisis.

<u>CAUSE OF ACTION</u>

**Texas Statute**

16.   GQR discharged, threatened to discharge, intimidated, or coerced Mr. Freeman because Mr. Freeman served as a juror or because of Mr. Freeman's attendance or scheduled attendance in connection with the service, in a court in the United States.

17.   GQR's actions violated Section 122.001 of the Texas Civil Practice & Remedies Code which prohibits an employer from discharging, intimidating, or coercing an employee because the employee serves as a juror in a court in the United States.

18.   Section 122.002 of the Texas Civil Practice & Remedies Code provides that a person who violates Section 122.001 is liable for damages in an amount not less than an amount equal to one year's compensation nor more than an amount equal to five years' compensation at the rate at which the person was compensated when summoned for jury service. The injured person is also entitled to reasonable attorney's fees in an amount approved by the Court.

<u>JURY DEMAND</u>

19.   Mr. Freeman requests a trial by jury.

WHEREFORE, Mr. Freeman requests that GQR be cited to appear and answer and that on final trial, Mr. Freeman have judgment against GQR for statutory and compensatory damages, reinstatement, attorneys' and expert fees,

declaratory and injunctive relief as alleged, interest as provided by law, costs of suit, the monetary relief being over $1,000,000, and any further relief to which Mr. Freeman may be entitled.

                                    Respectfully Submitted,

                                  */s/ Brian P. Sanford*
                                  Brian P. Sanford
                                  Texas Bar No. 17630700
                                  bsanford@sanfordfirm.com
                                  David Norris
                                  Texas Bar No. 24060934
                                  dnorris@sanfordfirm.com
                                  Elizabeth "BB" Sanford
                                  Texas Bar No. 24100618
                                  esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Ste. 15400
Dallas, Texas 75201
PH: (214) 717-6653
FAX: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF**
**DANIEL FREEMAN**